UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY J. HENSON and <br> JENNY HENSON, on behalf of themselves <br> and all those similarly situated, <br>     *Plaintiffs*, <br><br> *vs.* <br><br> ALAN LeBOVIDGE, in his official capacity <br> as Massachusetts Commissioner of Revenue; <br> CHIEF ADMINISTRATIVE JUSTICE OF <br> THE MASSACHUSETTS TRIAL COURT; <br> THE UNITED STATES OF AMERICA; <br> and SHERYL PATE, <br>     *Defendants*. | CIVIL ACTION <br> NO. MAGISTRATE JUDGE _____ <br><br> 04-10514NG <br><br> RECEIPT # _____ <br> AMOUNT $ _____ <br> SUMMONS ISSUED _____ <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _____ <br> DATE _____ |

### VERIFIED COMPLAINT

#### Introduction

This action is brought pursuant to section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, seeking prospective declaratory and equitable relief to vindicate the plaintiffs' rights to due process of law under the Fourteenth Amendment to the Constitution of the United States.

#### Jurisdiction and Venue

1. Jurisdiction is conferred by the general federal question jurisdiction statute, 28 U.S.C. § 1331, as amended by the Federal Question Jurisdictional Amendments Act of 1980, Pub. L. 96-486, Sec. 2(a), Dec. 1, 1980, 94 Stat. 2369 as this action is brought under, and in vindication of, federal law. Specifically, by this action plaintiffs seek to vindicate and seek remedy for

deprivation of plaintiff Jeffrey Henson's right not to suffer a monetary judgment against him by a court of a foreign state with which he has no minimum contacts, a right guaranteed him under the due process clause of the Fourteenth Amendment to the United States Constitution.

2. Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b) because – upon information and belief - all the defendants reside in the same State and one or all of the defendants reside in this district.

## Parties

### Plaintiffs

3. Plaintiff Jeffrey J. Henson ("Jeff") is an individual residing in Shallotte, North Carolina, and the husband of plaintiff Jenny Henson.

4. Plaintiff Jenny Henson ("Mrs. Henson") is an individual residing in Shallotte, North Carolina, and the wife of plaintiff Jeff Henson.

### Defendant

5. Defendant, Alan LeBovidge is the current or acting Commissioner of the Massachusetts Department of Revenue, the agency designated by Massachusetts as its child support enforcement agency pursuant Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-669. Mass. Gen. Laws. ch. 119A, § 1. LeBovidge is named here in his official and not in his individual capacity, and in such official capacity his actions, as described and complained of herein, have been under color of law.

6. Defendant Chief Administrative Justice of the Trial Court is the official under Massachusetts law who has charge of the Trial Court of Massachusetts, including the Probate and Family Court Department thereof, which court issued a judgment the validity of which this complaint puts in controversy and which such judgment issued under color of law.

VERIFIED COMPLAINT: Henson, et al vs. LeBovidge, et al.
United States District Court, District of Massachusetts

Page 2 of 11
January 23, 2004

7. Defendant, the United States, through its duly constituted officer, the Commissioner of the Internal Revenue Service (IRS), collects revenues for the administration of the federal government including the collection of employee withholding taxes and the issuance of refunds to individuals who have paid excess tax through such withholdings, and which such agency, under color of law, has intercepted tax refunds due the plaintiffs and paid such refunds over to the defendant, LeBovidge.

8. The defendant, Sheryl Pate ("Sheryl"), is the former spouse of the plaintiff, Jeff Henson, and is believed to be a resident of the Commonwealth of Massachusetts as her parents reside here in Massachusetts and she is and has been receiving child support collection services from the Massachusetts Department of Revenue Child Support Enforcement Division ("DOR/CSE"), any agency of the Commonwealth of Massachusetts of which the defendant, LeBovidge, is the head.

## General Allegations

9. The plaintiff, Jeff, has never lived in, visited or otherwise been within the physical boundaries of the Commonwealth of Massachusetts. He has never conducted business in Massachusetts or otherwise engaged in commerce or transactions with citizens of Massachusetts.

10. On September 9, 1987, Jeff and Sheryl were married in the state of North Carolina.

11. Jeff and Sheryl lived in North Carolina during the entire time (approximately two years) that they lived together as husband and wife, from September of 1987 until December of 1989.

12. While Jeff and Sheryl were living together as husband and wife, on or about February 2, 1989, Sheryl delivered a baby girl, Christine (the "child"). The child was born in North Carolina and, until Sheryl's unannounced departure from North Carolina with the child in December of 1989, Jeff provided financial support for the child's needs and care, but only did so in North Carolina. Jeff has never voluntarily provided financial support for the child since her mother,

Sheryl, departed for Massachusetts with the child, unilaterally, unannounced and without the assent of Jeff.

## The Massachusetts Separate Support Action / Judgment

13. Shortly after Sheryl left North Carolina with the child, on December 22, 1989, Sheryl brought a separate support action against Jeff in the Norfolk Division of the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts ("Norfolk Probate Court"), Docket No. 89D1956-S1. A true and accurate copy of Sheryl's "Complaint for Separate Support," brought pursuant to Mass. Gen. Laws ch. 209, § 32F, is appended hereto as Exh. A. A true and accurate copy of the returned separate support summons to Jeff is appended hereto as Exh. B.

14. On or about May 7, 1990, the Norfolk Probate Court (Fitzsimmons, J.) issued a "Judgment of Separate Support" upon Sheryl's separate support complaint (Exh. A). A true and accurate copy of said judgment is appended hereto as Exh. C. This is the sole order or judgment of a Massachusetts court that purports to obligate Jeff to make support payments for the benefit of Sheryl and/or the child. By its terms, it requires him to "pay to the Commonwealth of Massachusetts $100.00 dollars forthwith for support of said minor child and the further sum of $100.00 dollars weekly on each Friday hereafter commencing on May 18, 1990. Said sum is to be paid to DOR/CSE ...." Exh. C, at ¶ 6. "DOR/CSE" is an acronym for the Massachusetts Department of Revenue, Child Support Enforcement Division.

15. Mr. Henson did not appear or otherwise participate in any way in the Norfolk Probate Court at the time of, or prior to, that court's issuance of the separate support judgment (Exh. C).

### The Divorce Action / Judgment

16. On March 14, 1991, Sheryl brought another domestic relations civil action against Jeff in Massachusetts. She filed in the Norfolk Probate Court a "Complaint for Divorce," Docket No. 89D1956-D1, under Mass. Gen. Laws ch. 208, § 1. A true and accurate copy of said "Complaint for Divorce" is appended hereto as Exh. D.

17. Sheryl's divorce complaint of record – including any applicable amendments - does not request that the Norfolk Probate Court "order a suitable amount for support of the plaintiff and minor child." Exh. D, at ¶ 6.

18. On or about September 4, 1991, the Norfolk Probate Court issued a "Judgment of Divorce Nisi" upon Sheryl's divorce complaint, No. 89D1956-D1. A true and accurate copy of said judgment is appended hereto as Exh. E. Said judgment *does not* purport to *establish a child or spousal support obligation* against Jeff. Exh. E.

### Current DOR Interstate Collection Efforts

19. Massachusetts has requested assistance from both the IRS and the State of North Carolina to collect what it alleges is in excess of one hundred thousand dollars ($100,000.00) in child support owed by Jeff to it, based upon the separate support judgment (Exh. C).

20. Jeff and his current spouse, Jenny Henson, filed joint federal income tax returns for 1999 and 2000 and were owed refunds for those years of $8,411.00 and $5,367.00, respectively; they also filed joint state income tax returns in the State of North Carolina for the years 1999 and 2000 and were owed refunds for those years of $2,561.00 and $1,019.00, respectively; they wish to file jointly for the three tax years 2001 through 2003, two tax years for which they are owed refunds.

21. Based upon the request of Massachusetts, the defendant IRS intercepted and turned over to Massachusetts the federal income tax refund due Jeff and Jenny Henson for tax years 1999 and 2000, and did so based upon Massachusetts claim that Jeff owes it back child support under the separate support judgment (Exh C). Massachusetts is believed to have pending with the IRS a request that it intercept and pay to Massachusetts all future income tax refunds owed to Jeff and Jenny Henson based upon Massachusetts claim that Jeff owes it back child support under the separate support judgment (Exh C).

22. At the request of Massachusetts, Jeff's state of domicile and employ, North Carolina, has taken action against Jeff's insurance brokerage license and drivers license by suspending, revoking or refusing to renew same, and has done so to induce or coerce Jeff into satisfying the child support obligation that Massachusetts claims under its separate support judgment (Exh. C).

23. Massachusetts has published to the major credit reporting agencies that Jeff has a non-dischargeable child support judgment against him (Exh. C) pursuant to which it claims he owes Massachusetts over $100,000.

24. In December of 2003, Jeff and Jenny Henson's monthly payment on their home mortgage loan significantly increased pursuant to the terms of their outstanding mortgage note. They are now unable to afford the monthly mortgage payment and, despite significant equity in their home, are unable to refinance their mortgage to an affordable monthly payment, solely because Jeff's credit report shows that he owes Massachusetts over $100,000 for back child support.

25. In September of 2003, Jeff specially appeared and filed with the Norfolk Probate Court a motion for relief / to vacate the separate support judgment (Exh. C); at a hearing on an *ex parte* motion for an order of notice to give all interested parties notice and opportunity to be heard on said motion for relief / to vacate, the Norfolk Probate Court indicated a certain hostility to the

VERIFIED COMPLAINT: Henson, et al vs. LeBovidge, et al.
United States District Court, District of Massachusetts

Page 6 of 11
January 23, 2004

motion for relief/to vacate stating to plaintiff's counsel "who did he think was supporting his child all these years ...[and] can't I award child support retroactively to the birth of the child, anyway?"

26. Upon information and belief, it is the official policy or custom of the Massachusetts Department of Revenue Child Support Enforcement Division to aggressively pursue child support collection on behalf of Massachusetts residents against non-Massachusetts residents, without regard or with deliberate indifference to whether Massachusetts has any colorable basis for the exercise of personal jurisdiction over the non-resident defendant. Counsel for plaintiffs presently represents another child support obligor against whom DOR/CSE brought a paternity action on behalf of a Massachusetts resident obligee. As in this case, that obligor swears that he has never resided or done business in Massachusetts and that he was not served with process while within its borders.

27. Upon information and belief, the Probate and Family Court Department of the Massachusetts Trial Court has a policy or custom of approving or issuing child support default judgments against nonresident obligors without regard, or with deliberate indifference, to whether Massachusetts has any colorable basis for the exercise of personal jurisdiction over such nonresident defendants.

COUNT I
*Declaratory and Injunctive Relief*

28. Plaintiffs Jeff and Jenny Henson incorporates by reference herein this Count I the averments set forth in paragraphs "1" through "27," supra.

29. There exists a current controversy between the plaintiffs and the defendants regarding the validity of the separate support judgment (Exh. C) under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

30. The controversy alleged herein paragraph 29 is justiciable and can be finally resolved by a declaratory judgment of this court.

### Request for Relief

WHEREFORE, the plaintiffs Jeffrey J. Henson and Jenny Henson, demand judgment, and for the following relief:

(a) An immediate order that:

    i. defendant LeBovidge, personally or through an agent, provide plaintiffs' counsel with the current residential address of the defendant, Sheryl Pate, as her address is unknown to plaintiffs and the agency which Mr. LeBovidge heads, the Massachusetts Department of Revenue, knows said Sheryl Pates address as it is providing to her child support collection services; or

    ii. defendant LeBovidge be appointed special process server pursuant to Fed. R. Civ. P. 4(c)(2), with authority to designate an agent in his stead, and that he be ordered to serve the Summons, Verified Complaint, Motion for Preliminary Injunction and Memorandum of Law In Support of Plaintiffs' Motion for Preliminary Injunction, upon the defendant Sheryl Pate, in hand, and to have the summons returned to this court with the return of service of himself or his duly designated agent;

(b) A declaration that the separate support judgment (Exh. C) forms the sole basis for Massachusetts' assertion that Jeffrey J. Henson owes it over $100,000 for back child support;

(c) A declaration that the separate support judgment (Exh. C) is void, as a matter of law, because it issued without jurisdiction over the person of Jeffrey J. Henson;

(d) Preliminary and permanent injunctive relief prohibiting the defendant, LeBovidge, his attorneys, agents, servants and successors, from taking any further steps to enforce or collect upon the separate support judgment (Exh. C);

(e) Preliminary and permanent injunctive relief requiring that the defendant, LeBovidge, or his successor, to himself, or through his duly authorized attorney, agent or servant:

   i. communicate with the appropriate officer of the State of North Carolina and request that North Carolina immediately cease and withdraw all of its child support collection measures against Jeffrey J. Henson that were commenced at the request of Massachusetts (including the release or withdrawal of all liens, levies, holds, suspensions or revocations of licenses, and all other non-judicial collection remedies) based upon the separate support judgment (Exh. C);

   ii. communicate to the Internal Revenue Service of the United States that Massachusetts is forthwith withdrawing its request that the federal income tax refunds of Jeffrey and Jenny Henson be intercepted;

   iii. communicate to all credit reporting bureaus or agencies that the child support judgment (Exh. C) against Jeffrey J. Henson reported to them by Massachusetts is to be stricken from Jeffrey J. Henson's credit report until such time as this court declares whether such judgment is valid or void;

VERIFIED COMPLAINT: Henson, et al vs. LeBovidge, et al.
United States District Court, District of Massachusetts

Page 9 of 11
January 23, 2004

    iv.    upon judgment of this court declaring the child support judgment (Exh. C) void, communicate to all credit reporting bureaus or agencies that said judgment / child support obligation against Jeffrey J. Henson reported to them by Massachusetts is to be permanently stricken from Jeffrey J. Henson's credit report;

(f)    Permanent injunctive relief prohibiting The Massachusetts Trial Court from exercising jurisdiction over the person of Jeffrey J. Henson, absent his consent or valid service of process upon him within the jurisdiction or the establishment of minimum contacts between him and Massachusetts;

(g)    Permanent injunctive relief prohibiting the defendant, LeBovidge, his attorneys, agents, servants and successors, from seeking to enforce child support judgments issued by Massachusetts courts against non-resident parents or spouses over whom Massachusetts has no colorable claim of jurisdiction because of the complete absence of minimum contacts.

(h)    Preliminary and permanent injunctive relief prohibiting the Internal Revenue Service from transferring to LeBovidge, Pate, their successors or assigns, any federal income tax refunds owed Jeffrey J. Henson and Jenny Henson until such time as this court declares whether the separate support judgment (Exh. C) is valid or void;

(i)    an award of attorneys fees, pursuant to 28 U.S.C. § 1988.

    Respectfully submitted,
    JEFFREY J. HENSON and
    JENNY HENSON, *Plaintiffs*
    By their attorney:

Paul J. Adams, MA BBO# 568173
LAW OFFICE OF PAUL ADAMS
21 Torrey Street
Brockton, MA  02301
Tel. (508) 583-2019

Dated: *January 23, 2004*

## VERIFICATION

I, Jeffrey J. Henson, upon my oath depose and say that I am the named plaintiff in the above-captioned action, and that all statements of fact herein (other than those regarding thee authenticity of attached documents, those set forth in paragraph 25 and those made upon information and belief) are true and based upon my personal knowledge.

Signed under the penalties of perjury this ___28___ day of January, 2004.

_____
Jeffrey J. Henson


## VERIFICATION

I, Paul J. Adams, upon my oath depose and say that I am counsel for the plaintiffs in the above-captioned action, and that all documents appended hereto are authentic copies of records obtained by me from the files of the Norfolk Division of the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts, and that the facts recited in paragraphs 25 herein are true and based upon my personal knowledge or recollection.

Signed under the penalties of perjury this __20th__ day of ~~January~~ February, 2004.

_____
Paul J. Adams

VERIFIED COMPLAINT: Henson, et al vs. LeBovidge, et al.
United States District Court, District of Massachusetts

Page 11 of 11
January 23, 2004