UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEFFREY J. HENSON and <br> JENNY HENSON, <br>                 *Plaintiffs*, <br><br> vs. <br><br> ALAN LeBOVIDGE, in his official capacity as Massachusetts Commissioner of Revenue; CHIEF ADMINISTRATIVE JUSTICE OF THE MASSACHUSETTS TRIAL COURT; THE UNITED STATES; and SHERYL PATE, <br>                 *Defendants*. | *Civil Action* <br><br> No. <br> MAGISTRATE JUDGE _____ <br><br> 04-10514-NG |

---

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiffs in the above-captioned action, Jeffrey J. Henson and Jenny Henson, pursuant to Fed R. Civ. P. 65 respectfully move this Court for a PRELIMINARY INJUNCTION that provides the following interlocutory relief with regard to the separate support judgment of the Norfolk Division of the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts ("Norfolk Probate Court"), Docket No. 89D1956-S1, (the "separate support judgment") a copy of which is appended to plaintiffs' Verified Complaint as Exh. C:

1. With respect to the defendant, Alan LeBovidge:

    (a) pending further order or judgment of this Court, the defendant, LeBovidge, is prohibited from taking any further steps to enforce or collect upon said separate support judgment;

    (b) the defendant, LeBovidge, whether individually or through a duly authorized agent, shall immediately or as soon as is practical:

    i. communicate with the appropriate officer of the State of North Carolina and request that North Carolina immediately cease and withdraw for the time being all of its child support collection measures against Jeffrey J. Henson that were commenced at the request of Massachusetts (including the release or withdrawal of all liens, levies, holds, suspensions, revocations or non-renewal of state licenses, and all other non-judicial collection remedies);

    ii. communicate to the Internal Revenue Service of the United States that, for the time being, Massachusetts is forthwith withdrawing its request that the federal income tax refunds of Jeffrey and Jenny Henson be intercepted;

    iii. communicate to all credit reporting bureaus or agencies that the child support judgment (Exh. C) against Jeffrey J. Henson reported to them by Massachusetts is to be stricken from Jeffrey J. Henson's credit report until such time as this court declares whether such judgment is valid or void;

2. With respect to the defendant the United States, prohibiting the Internal Revenue Service from transferring to LeBovidge, Pate, their successors or assigns, any federal income tax refunds

owed Jeffrey J. Henson and Jenny Henson until such time as this court declares whether the separate support judgment (Exh. C) is valid or void

AS REASONS THEREFORE the plaintiffs state that (1) they are likely to prevail on the merits of their claim that said separate support judgment is void for want of personal jurisdiction over the plaintiff, Jeffrey J. Henson; (2) they are likely to suffer irreparable harm in the absence of such an injunction; (3) any potential for harm to the defendants LeBovidge and the United States that would result from their being enjoined as requested is outweighed by the potential for irreparable harm to the plaintiffs should the requested interlocutory relief be denied; and (4) there will be no negative effect on the public interest should the request be granted. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Fed. R. Civ. P. 65(a).

All as more fully set forth by the Verified Complaint and the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, both of which are filed herewith and incorporated herein by reference.

        Respectfully submitted,
        JEFFREY J. HENSON and
        JENNY HENSON, *Plaintiffs*
        By their attorney:

        Paul J. Adams, MA BBO# 568173
        LAW OFFICE OF PAUL ADAMS
        21 Torrey Street
        Brockton, MA  02301
        Tel. (508) 583-2019

Dated: *February 20, 2004*