```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF MASSACHUSETTS

JEFFREY J. HENSON, and            )
JENNY HENSON, on behalf of        )
themselves and all those          )
similarly situated,               )
                                  )
            Plaintiffs,           )
                                  )
    v.                            )  Civil No. 04-10514-NG
                                  )
ALAN LeBOVIDGE, in his official   )
capacity as Massachusetts         )
Commissioner of Revenue,          )
CHIEF ADMINISTRATIVE JUSTICE OF   )
THE MASSACHUSETTS TRIAL COURT,    )
UNITED STATES OF AMERICA, and     )
SHERYL PATE,                      )
                                  )
            Defendants.           )
```

MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

The United States of America submits this memorandum of law in support of its Motion to Dismiss.

Background

The following facts are taken from the Complaint filed by the Plaintiffs:

Jeffrey Henson was previously married to Sheryl Pate. Complaint ¶10. Mr. Henson and Ms. Pate lived as husband and wife from September 1987 until December 1989 in North Carolina. Complaint ¶11. In February 1989, Ms. Pate gave birth to their daughter, Christine. Complaint ¶12. Sometime between February 1989 and December 1989, Ms. Pate left North Carolina with

Christine and moved to Massachusetts. Complaint ¶¶12-13. In May 1990, the Norfolk County Probate Court issued a "Judgment of Separate Support" that obligates Mr. Henson to make child support payments for the benefit of Ms. Pate and/or Christine. Complaint ¶14. In September 1991, the Norfolk County Probate Court issued a "Judgment of Divorce Nisi" between Mr. Henson and Ms. Pate. Complaint ¶18.

The Commonwealth of Massachusetts requested assistance from the Internal Revenue Service in collecting Mr. Henson's outstanding child support obligation which is alleged to be in excess of $100,000. Complaint ¶19. Mr. Henson's credit report shows that he owes over $100,000 for back child support. Complaint ¶24.

Jeffrey Henson and his current spouse, Jenny Henson, filed their federal income tax returns for 1999 and 2000 and claimed an overpayment of taxes for those years. Complaint ¶20. Those overpayments were transferred from the United States to the Commonwealth of Massachusetts because of Mr. Henson's outstanding child support obligations. Complaint ¶21. The Hensons have not filed their 2001, 2002 and 2003 federal income tax returns. Complaint ¶20. However, the Hensons wish to file for those years, because they believe that they have made overpayments of federal income tax for two of those three years. Complaint ¶20.

The Plaintiffs have filed this Complaint, ostensibly on their own behalf and all those similarly situated, seeking a variety of relief.[1]  As to the United States, the Plaintiffs are seeking "preliminary and permanent injunctive relief prohibiting the Internal Revenue Service from transferring" to the Commonwealth of Massachusetts any income tax overpayments made by Jeffrey and Jenny Henson "until such time as this court declares whether the separate support judgment is valid or void." Complaint, p. 10, ¶(h).

The United States moves to be dismissed on the ground that the United States has not waived its sovereign immunity and that the Court has no subject matter jurisdiction over the claim against the United States.  In particular, the Internal Revenue Code §6402(f) specifically bars this lawsuit as to the United States of America, Internal Revenue Service.

<u>Argument</u>

I.  THE INTERNAL REVENUE CODE SPECIFICALLY BARS THIS COURT FROM ENTERTAINING THE PLAINTIFFS' CLAIMS

It is well settled that "[t]he United States, as sovereign, is immune from suits save as it assents to be sued, and the terms of its consent to be sued in any court define that court's

---

[1] The Plaintiffs set forth no allegations in the Complaint regarding claimants who may fall into the category of "all those similarly situated."

jurisdiction to entertain the suit." MacMann v. J.R. Titus, 819 F.2d 8, 9-10 (1st Cir. 1987)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The effect of this doctrine is to allow suit against the United States only through consents established by Congress.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

The Plaintiffs contend that their overpayments of federal income tax for 1999 and 2000 were transferred to the Commonwealth of Massachusetts to satisfy Mr. Henson's child support obligations.  Internal Revenue Code section 6402(c) authorizes just such a practice.  In particular, §6402(c) provides:

> The amount of any overpayment [of tax] to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act.  The Secretary shall remit the amount by which the overpayment is so reduced to the State collecting such support and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State.

According to the Complaint, the Plaintiffs' federal income tax overpayments for 1999 and 2000 have been applied to Mr. Henson's outstanding child support obligations to the Commonwealth of Massachusetts.[2]  This Court is barred from hearing any disputes

---

[2] The Plaintiffs have also stated that they have not filed their 2001, 2002 and 2003 federal income tax returns. The Plaintiffs expect those income tax returns will show overpayments.  This failure to file is foolhardy. Taxpayers are only entitled to refunds if (1) the return was filed within 3 years of the original due date or (2) the taxes sough to be refunded where

with regard to these transferred overpayments. Internal Revenue Code §6402(f) provides:

> <u>No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c)</u>, (d), or (e) [of Section 6402].  No such reduction shall be subject to review by the Secretary [of the Treasury] in an administrative proceeding.  No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax.  This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid or any such action against the Commissioner of Social Security which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act. (emphasis added).

In <u>Swartz v. I.R.S.</u>,, the First Circuit, held that section 6402(f) "specifically bars any federal court from hearing appellant's claim that the IRS erred in transferring his tax refund to California authorities for allegedly past due child support payments." 187 F.3d 623 (1st Cir. 1998) <u>cert. denied</u>, 527 U.S. 1021 (1999).  This statute obviates the courts' subject matter jurisdiction over cases in which "plaintiffs seek review of the United States' interception and reduction of the plaintiffs' tax refunds."  <u>Albert v. OSI Educ. Services, Inc.</u>, 93 A.F.T.R.2d 2004-1508 (D.Minn. 2004)(<u>quoting</u> <u>Satorius v. United States</u>, 671 F.Supp. 592, 594 (E.D.Wis. 1987)).  <u>See also</u> <u>In re</u>

---

paid within two years of the claim for refund.  26 U.S.C. §6511.  If the Plaintiffs wait beyond April 15, 2005, (3 years after the due date) to file their 2001 tax return (and claim their refund), they will not be entitled to a refund of that tax paid, even if eventually successful in voiding the support judgment.

Duffy, 298 B.R. 775 (D.Kan. 2003); Jacobs v. United States, 87 A.F.T.R.2d 2001-1307 (N.D. Ala. 2001); Johnson v. I.R.S., 2001 WL 1175151 (E.D. Pa. 2001).

To the extent that Plaintiffs challenge the constitutionality of 26 U.S.C. §6402, that claim is without merit. See Richardson v. Baker, 663 F.Supp. 651 (S.D.N.Y. 1987)("the tax intercept program's limits on jurisdiction to suits against the agency to which the debt is owed is not unconstitutional because the program provides access to a judicial challenge to government interception of overpayments); Satorius v. United States, 671 F.Supp. 592, 594 (E.D.Wis. 1987).

Not only is there no waiver of sovereign immunity, Congress has specifically barred the federal courts from adjudicating the Plaintiffs' claims against the United States (Internal Revenue Service) in this case. The United States is not seeking dismissal of the entire action as §6402(f) "does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid ...."[3] Rather, the United States seeks to be dismissed as a party to this action.

---

[3] The Commonwealth of Massachusetts very likely has an argument that it is immune from suit by private citizens in federal courts pursuant to the 11th Amendment of the U.S. Constitution. However, the United States leaves that briefing to counsel for the Commonwealth.

## Conclusion

Because Internal Revenue Code §6402(f) specifically bars this type of suit against the United States, the United States must be dismissed from this action.

                        MICHAEL J. SULLIVAN
                        United States Attorney

                        /s/ Stephen J. Turanchik
                        _____
                        STEPHEN J. TURANCHIK
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        Post Office Box 55
                        Ben Franklin Station
                        Washington, D.C.  20044
                        Telephone: (202) 307-6565
                        stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Dismiss and Supporting Memorandum of Law has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 6th day of July, 2004:

Paul J. Adams, Esq.
Law Office of Paul Adams
21 Torrey Street
Brockton, MA 02301

Steven E. Thomas, Esq.
Commonwealth of Massachusetts
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108


/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565